UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTIAN MIRANDA, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 21-10040-LTS |
| MICHAEL RODRIGUES, | ) | |
| Respondent. | ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 12)

March 1, 2021

SOROKIN, J.

Christian Miranda, an inmate at the Massachusetts Correctional Institution in Shirley,

Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  The respondent has moved to dismiss all three claims identified in the petition, arguing

Miranda failed to exhaust them in state court.  Doc. Nos. 12, 13.[1]  Miranda has not responded to

the motion.  Because Miranda seeks to bring claims he did not exhaust in his application for

review by the Massachusetts Supreme Judicial Court ("SJC"), the respondent's motion is

ALLOWED.

I.      BACKGROUND

On April 7, 2014, a Suffolk County Superior Court jury convicted Miranda of conspiracy

to traffic cocaine with a habitual offender enhancement.[2]  Doc. No. 13-1 at 5, 29, 39.  The

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference
the document and page numbers assigned by ECF.

[2] Various other charges Miranda faced arising from the same underlying events either resulted in
acquittals by the jury or were placed on file with Miranda's consent.  Doc. No. 13-1 at 29, 31.

charges stemmed from Miranda's participation in an ongoing and organized drug distribution business Boston police had identified as connected to a street gang calling itself the "Magnolia Street Steelers." See Commonwealth v. Miranda, 138 N.E.3d 1052 (Mass. App. Ct. 2019) (unpublished).  Officers investigating the operation had collected evidence used against Miranda at his trial using wiretaps.  Id.

Miranda was sentenced to twenty years in state prison due to the habitual offender enhancement.  Doc. No. 13-1 at 29.  He filed a timely appeal.  Id. at 30.  At his request, the Massachusetts Appeals Court ("MAC") stayed the appeal to permit him to litigate a motion for a new trial and other post-verdict motions in the Superior Court.  Id. at 32.  Following the denial of those motions, the MAC consolidated Miranda's various appeals for purposes of its review.  Id. at 32-35, 41.  Through counsel, Miranda presented eight claims to the MAC.  Those claims included: a void-for-vagueness challenge to the Massachusetts wiretap statute based on its definition of "organized crime"; a challenge to the extension of the wiretap in his case; an assertion of error arising from the trial court's refusal to require the Commonwealth to identify a confidential information referenced in the documents supporting the wiretap application; and a claim that the habitual offender indictment had been constructively amended to include a prior conviction not presented to the original grand jury.  Id. at 45-47, 54-55, 63-85, 100-02.

The MAC rejected Miranda's claims in an unpublished memorandum and order dated November 22, 2019.  See generally Miranda, 138 N.E.3d at 1052.  Represented by the same appellate counsel, Miranda sought review in the SJC, where his application for leave to obtain further appellate review ("ALOFAR") raised only two issues: 1) "whether the [MAC] incorrectly concluded that the gang . . . was engaged in 'organized crime,' given that the current law requires the Commonwealth to establish that the group in question is highly organized and

disciplined, and exists for a[n] illegal business purpose"; and 2) "whether the smaller drug

selling groups let by [Miranda and a co-conspirator] could be considered 'organized crime' for

purposes of the statute, where they were largely disorganized, more 'garden-variety' operations

that do not fit within the ambit of the wiretap statute."  Doc. No. 13-1 at 238-39.  The SJC's

docket does not reflect any pro se filings by Miranda supplementing the issues presented for

review by his counsel.  Id. at 218.  On January 16, 2020, the SJC denied review.  Id.

   Miranda filed his pro se petition seeking habeas relief in this Court on January 7, 2021.

Doc. No. 1.  In his timely federal petition, Miranda asserts the following three claims:

1)  That the term "organized crime" as defined and interpreted for purposes of the
    Massachusetts wiretap statute is unconstitutionally vague;

2)  That the Massachusetts wiretap statute was violated when the wiretap was extended
    despite the police having already "ascertained all they set out to obtain"; and

3)  A violation of his right to a grand jury based on the Commonwealth's use of a prior
    conviction not presented to the grand jury in support of the habitual offender charge.

Doc. No. 1 at 5-8.  Miranda's petition was accompanied by a memorandum addressing the above

claims, as well as a fourth claim not articulated in his petition:  a challenge to the trial court's

refusal to compel disclosure of the identity of a confidential informant.  Doc. No. 2 at 41-44.

II.  DISCUSSION

   The respondent seeks dismissal of Miranda's petition, arguing the claims it contains were

not included in Miranda's ALOFAR.  Doc. Nos. 12, 13.  The motion, its supporting

memorandum, and the appendix accompanying it each contain certificates of service attesting

that the respondent mailed copies of the submissions to Miranda on January 28, 2021, the date

they were filed with the Court.  Doc. No. 12 at 2; Doc. No. 13 at 11; Doc. No. 13-1 at 2.

Additionally, the Court caused a copy of the docket in this matter, including the entries reflecting

the respondent's submissions, to be mailed to Miranda on January 29, 2021 in connection with

3

its allowance of a motion relieving the parties of their obligation to confer pursuant to the Local

Rules.  Doc. No. 15.  To date, Miranda has not responded to the motion to dismiss, and neither

his petition nor the memorandum supporting it acknowledge the omission of his present claims

from his ALOFAR.[3]

A state prisoner is not entitled to habeas relief in federal court unless he has first

exhausted his available remedies in state court.  28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526

U.S. 838, 839 (1999); Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 819 (1st Cir. 1988).  A

petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right

under the law of the State to raise, by any available procedure, the question presented."

§ 2254(c).  To satisfy this exhaustion requirement, which is grounded in principles of comity, a

petitioner must complete the state's established appellate review process, thereby giving "the

state courts one full opportunity to resolve any constitutional issues."  O'Sullivan, 526 U.S. at

839; accord Mele, 850 F.2d at 819.

In Massachusetts, the exhaustion requirement obligates a petitioner to present his claims

to the SJC before asking a federal habeas court to consider them.  Mele, 850 F.2d at 820, 823.  It

is not enough for a petitioner to litigate his constitutional claims in a motion before the state trial

---

[3] The Court is cognizant that the ongoing COVID-19 pandemic complicates a prisoner's
litigation of pro se claims by, inter alia, delaying incoming and outgoing mail and limiting access
to prison law libraries.  However, it bears noting that Miranda timely filed his habeas petition
during the pandemic.  See Doc. No. 1 at 1, 15 (certifying Miranda mailed the petition on January
3, 2021, and reflecting the Court's receipt of it four days later).  And, in another matter Miranda
is litigating before this Court, he sought an extension of a deadline he said he would not be able
to meet due to restrictions arising from the pandemic.  See Miranda v. Flores, No. 19-cv-12029-
LTS, ECF No. 42 (D. Mass. Feb. 4, 2021) (reflecting Miranda's motion to extend was signed
January 25, 2021 and received by the Court ten days later).  In these circumstances, given the
passage of a more than a month since the motion to dismiss was filed and more than two weeks
since Miranda's opposition was due, and because the record before the Court so plainly
establishes Miranda's failure to exhaust the claims he wishes to advance here, the Court now
rules on the respondent's motion.

court and a subsequent appeal to the MAC.  Id.  "[A]n appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR."  Id. at 823; see Fusi v. O'Brien, 621 F.3d 1, 6 (1st Cir. 2010) (calling the ALOFAR the "decisive pleading" for exhaustion purposes).

Here, a straightforward comparison of the state court record with Miranda's petition demonstrates without question that the claims Miranda submits for review by this Court simply were never presented to the SJC.  Indeed, Miranda's ALOFAR contains no reference to federal law at all, let alone a fair and recognizable presentation of the claims at issue here.  See Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting "heavy burden" on habeas petitioner "to show that he fairly and recognizably presented to the state courts the factual and the legal bases of [his] federal claim").  Rather, Miranda asked the SJC to consider only two narrow questions, both of which focused on the sufficiency of the factual allegations through which state law enforcement invoked the "organized crime" component of the state wiretap statute, and both of which turned entirely on state law.  Doc. No. 13-1 at 238-39.  Though all of the claims in Miranda's petition (and the additional one raised via the accompanying memorandum) appeared in some form in his appeal to the MAC, none were reiterated before the SJC, as is required by the mandatory exhaustion requirement of § 2254(b).

This unavoidable fact warrants dismissal of Miranda's petition.[4]

---

[4] Even had Miranda exhausted the claims he attempts to raise here, he would face other likely insurmountable hurdles.  The MAC noted Miranda had raised his vagueness challenge to the wiretap statute "for the first time on appeal," and limited its review of that claim to considering whether any error created a substantial risk of a miscarriage of justice.  Miranda, 138 N.E.3d at 1052; see Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010) (finding claim procedurally defaulted due to Massachusetts contemporaneous objection requirement and waiver doctrine, even where MAC afforded "discretionary miscarriage-of-justice review").  His challenges to the extension of the wiretap and the use of a confidential informant potentially present Fourth Amendment claims foreclosed by Stone v. Powell, 428 U.S. 465 (1976).  And, his challenge to

III.     CONCLUSION

Accordingly, the respondent's motion to dismiss (Doc. No. 12) is ALLOWED, and

Miranda's federal habeas petition is DISMISSED.[5]

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge

---

the constructive amendment of his habitual offender indictment was raised before the MAC only
in terms of state law, and not as a federal constitutional claim.  Doc. No. 13-1 at 100-02, 208-09.
[5] In light of Miranda's patent failure to present to the SJC any of the federal claims he has
articulated before this Court, "reasonable jurists" could not "debate whether . . . the petition
should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000),
and no certificate of appealability shall issue.